IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MISS TIWAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-385-GBW |
| | ) | |
| STAFF LT. DEAN J. BLADES, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Miss Tiwaz, who is currently housed at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (D.I. 1, 4.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 6.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Plaintiff was Richard Cornell's helper for over a year, beginning sometime in 2022 and ending in 2023.[1] (*See* D.I. 1-2 at 1.) It appears that Plaintiff volunteered as a personal aide to Cornell, assisting primarily with cleaning and personal hygiene. (*Id.*) Plaintiff changed diapers and cleaned up bodily fluids while assisting Cornell. (*Id.*) Plaintiff was never hired to do this work; although, at some point, someone else was hired to assist Cornell. (*Id.*) Plaintiff never received good time credit or any other recognition or compensation for assisting Cornell. (*Id.*) Based on the foregoing, Plaintiff seeks $100,000 in monetary compensation, coverage of legal expenses and fees, a guaranteed job for the remainder of Plaintiff's sentence, and "210 days of good time, plus 10 days every month without work from this day forward off her sentence." (D.I. 1 at 2.)

Upon review and consideration, the complaint will be dismissed for failure to state a upon which relief may be granted. Prisoners do not have a protected liberty interest in obtaining or keeping particular institutional jobs. *See Burrell v. Staff*, 60 F.4th 25, 54 n.8 (3d Cir. 2023) ("'We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause.'") (quoting *Bryan v. Werner*, 516

---

[1] The complaint suggests, but does not expressly state, that Cornell is a prisoner at the Sussex Correctional Institution in Georgetown, Delaware, where Plaintiff was formerly housed. (*See* D.I. 1-2 at 1.)

F.2d 233, 240 (3d Cir. 1975)). Furthermore, prisoners do not have a protected liberty interest in good time credit not yet earned. *See Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (holding that the loss of eligibility to earn good time credits is too attenuated to amount to a protected liberty interest absent the loss of any previously earned credits). Additionally, the Court cannot grant relief that would impact the duration of Plaintiff's sentence in a § 1983 action; a *habeas* petition is required to challenge the duration of Plaintiff's confinement. *Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (*per curiam*) (citing *Edwards v. Balisok*, 520 U.S. 641, 643 44, 646 (1997)). *See generally Heck v. Humphrey*, 512 U.S. 477, 486 87 (1994) (holding that, where success in a § 1983 action would imply the invalidity of a conviction or sentence, a suit for damages or equitable relief is barred unless plaintiff can demonstrate that his conviction or sentence has been invalidated).

In the absence of any liberty interest in a particular prison job or good time credit not yet earned, the facts alleged suggest no basis for a § 1983 claim. In an abundance of caution, Plaintiff shall be granted one opportunity to amend the complaint to cure the defects discussed above.

AND NOW, this 27th day of June, based on the foregoing, IT IS HEREBY ORDERED:

1.  The complaint (D.I. 1) is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff is **GRANTED** leave to file an amended complaint no later than July 29, 2025, in accordance with this Memorandum Order. **Failure by Plaintiff to file an amended complaint on or before July 29, 2025 will result in case closure.**

_____
The Honorable Gregory B. Williams
United States District Judge